UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WEST BEND MUTUAL INSURANCE COMPANY,

    Plaintiff,

  v.                                      Case No. 20-CV-1854-NJ

UNITED STATES,

    Defendant.

**and**

---

DONALD TOMLINSON,

    Plaintiff,

UNITED STATES OF AMERICA DEPARTMENT
OF HEALTH AND HUMAN SERVICES, BLUE
CROSS BLUE SHIELD OF WISCONSIN, and
WEST BEND MUTUAL INSURANCE COMPANY,

    Involuntary Plaintiffs,

  v.                                      Case No. 21-CV-1039-PP

UNITED STATES POSTAL SERVICE, MICHAEL
N. ANDERSON, and UNITED STATES,

    Defendants.

---

### ORDER ON PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE

---

The Plaintiffs in two related cases—Plaintiff West Bend Mutual Insurance Company in *West Bend Mutual Insurance Company v. United States*, Case No. 20-CV-1854-NJ ("West Bend"), filed December 16, 2020, and pending before this Court; and Plaintiff Donald Tomlinson in *Tomlinson, et al. v. United States Postal Service, et al.*, Case No. 21-CV-1039-PP

("Tomlinson"), filed September 7, 2021, and also pending before this Court (collectively, "Plaintiffs")—by and through their undersigned counsel, have moved the Court to consolidate the above-captioned actions, as well as any subsequently filed or transferred related actions, for all purposes, including pretrial proceedings and trial, pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"). The United States does not oppose consolidation of the Related Actions. (Docket # 14 in Case No. 20-CV-1854.) For the reasons stated below, Plaintiffs' motion is granted.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a)(2) provides that a court, in its discretion, may consolidate actions if they "involve a common question of law or fact." *See also King v. Gen. Elec. Co.*, 960 F.2d 617, 626 (7th Cir. 1992) (reviewing district court's decision to consolidate for abuse of discretion). Common questions of law or fact need not predominate, but there must be at least one. *Enter. Bank v. Saettele*, 21 F.3d 233, 236 (8th Cir. 1994); 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2382 (3d ed. 2008) ("Consolidation must be denied if there is no common question of law or fact tying the cases together."). "A common question is one that must be answered identically in each case in which it is presented." *Brown v. Friedal*, Nos. 18-CV-1777, 18-CV-1910, 18-CV-1913, 2019 WL 913591, at *1 (E.D. Wis. Feb. 25, 2019). A court may consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results, as well as any potential prejudice such as the possibility of juror confusion or administrative difficulties. *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 390, 394 (E.D. Wis. 2008) (citing 8 James Wm. Moore, *Moore's Federal Practice* §§ 42.10[4][a], 42.10[5] (3d ed. 2008)).

## ANALYSIS

Common questions of law and fact predominate in these cases. Both lawsuits stem from a September 8, 2019 motor vehicle accident involving Donald Tomlinson and a United States Postal Service automobile operated by Michael N. Anderson. In West Bend's lawsuit (20-CV-1854), West Bend, acting as Tomlinson's insurer, sues the United States for damages stemming from the motor vehicle accident pursuant to the Federal Tort Claims Act ("FTCA"). (Docket # 1 in Case No. 20-CV-1854.) In Tomlinson's lawsuit (21-CV-1039), he sues the United States Postal Service, Anderson, and the United States under the FTCA for damages arising out of the same accident. (Docket # 1 in Case No. 21-CV-1039.) West Bend is an involuntary plaintiff in Tomlinson's lawsuit. Whether the United States is liable for negligence based on Anderson's conduct will be decided in both lawsuits. Thus, consolidation of these cases will be more efficient for the parties and the court, and will avoid inconsistent results.

For these reasons, Plaintiffs' motion to consolidate will be granted. Pursuant to Eastern District of Wisconsin Civil Local Rule 42(b), the cases will be consolidated under Case Number 20-CV-1854.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Plaintiffs' motion to consolidate (Case No. 20-CV-1854, Docket # 14; Case No. 21-CV-1039, Docket # 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Case No. 21-CV-1039 is consolidated under Case No. 20-CV-1854. All future filings related to Case No. 21-CV-1039 must be filed in Case No. 20-CV-1854.

Dated at Milwaukee, Wisconsin this 10th day of January, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge